IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DENNIS LEON YORK,                    )
                                     )
              Petitioner,            )
                                     )
vs.                                  )      Case No. 05-CV-021-JHP-FHM
                                     )
LENORA JORDAN, Warden,               )
                                     )
              Respondent.            )

## ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, has filed a response to the motion (Dkt. # 13). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions.  For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss shall be granted.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Murder in Tulsa County District Court, Case No. CF-2000-6728. He was sentenced to life imprisonment without the possibility of parole and fined $10,000.  Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on January 29, 2003, his Judgment and Sentence was affirmed (Dkt. # 10, Ex. 1). By order filed March 10, 2003, the OCCA denied Petitioner's petition for rehearing (Dkt. # 10, Ex. 2).  Thereafter, Petitioner sought *certiorari* review in the United States

Supreme Court.  On October 6, 2003, the petition for writ of *certiorari* was denied.  See Dkt. # 10,

Ex. 3.  Petitioner has not sought post-conviction relief in the state courts.

On January 12, 2005, Petitioner filed the instant federal petition for writ of habeas corpus

(Dkt. # 1).

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas

corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this

habeas petition was filed after the expiration of the one-year limitations period.  Petitioner's conviction became final on October 6, 2003, when the United States Supreme Court denied Petitioner's petition for writ of *certiorari*. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on October 6, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after October 6, 2004, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner has not sought post-conviction relief in the state courts.  Therefore, Petitioner cannot benefit from the tolling provision in § 2244(d)(2).  Unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition, filed January 12, 2005, or approximately three (3) months after expiration of the limitations period, is untimely.

In response to the motion to dismiss, Petitioner does not dispute the limitations calculations set forth by Respondent.  See Dkt. # 13.  Petitioner asserts, however, that he is entitled to equitable tolling of the limitations period because he claims to be actually innocent of the crime for which he was convicted and because he suffers from a psychological disorder, depression, for which he receives treatment.  According to Petitioner, his condition "rendered me unable to file a habeas petition during the relevant time period."  See id.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to

equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998).  The Tenth Circuit Court of Appeals has "limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir.2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  "Therefore, [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Burger, 317 F.3d at 1141.

In this case, the Court finds Petitioner has failed to establish entitlement to equitable tolling. First, Petitioner claims he is actually innocent of the crime for which he was convicted. However, "actual innocence," as defined as an exception to the rule of procedural bar, requires a showing that there is new evidence, not present in the trial, that makes it "more likely than not that no reasonable juror" would have convicted the petitioner.  Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998).  Petitioner has presented no new evidence supporting his alleged "actual innocence."  Instead, his claim of "actual innocence" is based on an argument presented to the OCCA on direct appeal, that his "confession" was improperly admitted at trial resulting in non-harmless error.  Furthermore, Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. Miller, 141 F.3d at 978.  The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances. Id.  In this case,

4

after reviewing the record provided by the parties, the Court concludes that Petitioner did not pursue his habeas claims diligently.  For that reason, the Court finds that Petitioner's claim of actual innocence is insufficient to prevent a limitations bar.

Petitioner also argues that he is entitled to equitable tolling of the limitations period because he suffers from and receives treatment for a psychological disorder, depression.  Without providing supporting evidence, other than his own conclusory and self-serving affidavit, see Dkt. # 13 at 5, Petitioner claims that "[t]he adverse reactions and side effects of the drugs, i.e., confusional (sic) states, disturbed concentration, disorientation, stupor, drowsiness, dizziness, weakness, and fatigue, rendered me unable to file a habeas petition during the relevant time period."  (Dkt. # 13 at 3). Petitioner has the burden of proof in demonstrating that he was incapable of filing a petition for writ of habeas corpus during the limitations period.  Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine).  The Court finds Petitioner has produced no evidence showing that between October 6, 2003, and October 6, 2004, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. While the Court sympathizes with Petitioner's health problems, the Court nonetheless concludes that Petitioner has failed to demonstrate that he diligently pursued his federal habeas corpus claims.  Worley v. Lytle, 221 F.3d 1354 (10th Cir. 2000) (tolling would be allowed only under "exceptional circumstances," such as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit).[1]  Therefore, the Court finds that Petitioner  is not entitled to equitable or

---

[1]Unpublished opinion cited for persuasive value.  See 10th Cir. R. 36.3(B).

further statutory tolling of the federal limitations period.  The petition for writ of habeas corpus shall be dismissed as barred by the statute of limitations.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, the petition for writ of habeas corpus should be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.   Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2.   The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.   A separate Judgment shall be entered in this case.

SO ORDERED THIS 23rd day of March 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

6